UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SERGIO RAMIREZ,

        Plaintiff,

   v.

BANK OF AMERICA HOME LOANS FKA
COUNTRYWIDE HOME LOANS;
FLAGSTAR BANK, FSB; WESTMORT
CORPORATION; VI TOUNG NGUYEN
AKA VALERIA VI TUONG NGUYEN;
and DOES 1-20 inclusive,

        Defendants.
_____/

Civ. No. S-09-3364 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendant Bank of America, N.A., to dismiss plaintiff Sergio Ramirez's ("plaintiffs") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1]  On March 2, 2010, plaintiff filed

---

[1] The same day, plaintiff also filed an untimely First Amended Complaint, which contained no federal claims.  The court previously vacated the hearing on the motion to dismiss as moot due to the filing of an amended complaint.  However, as there are no longer any pending federal claims in either the original

1

a statement of non-opposition, requesting that his claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without prejudice against all defendants. (Docket # 12.) Accordingly, plaintiffs' TILA and RESPA claims are dismissed. See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 et seq., breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. (Pl.'s Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental

---

complaint or the untimely amended complaint, the court issues the following order dismissing plaintiff's action.

1  jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
2  350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
3  1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
4  federal-law claims are eliminated before trial, the balance of
5  factors . . . will point toward declining to exercise
6  jurisdiction over the remaining state law claims.")(quoting
7  Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
8  accordance with 28 U.S.C. § 1367(c), the court declines to
9  exercise supplemental jurisdiction over plaintiff's remaining
10 state law claims.
11      Accordingly, plaintiff's complaint is DISMISSED without
12 prejudice.
13     IT IS SO ORDERED.
14 DATED: March 29, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE